**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| STATE OF MARYLAND | : | |
| Plaintiff | : | |
| v | : | Civil Action No. JFM-09-3318 |
| DONALD RUSSELL WHITE | : | |
| Respondent | : | |

. . o0o . .

**MEMORANDUM**

On December 4, 2009, Donald Russell White filed the instant proceeding, seeking removal of a state criminal prosecution under 28 U.S.C. § 1443.  On December 23, 2009, White was advised that the removal was improper and the case was remanded to the state court for all further proceedings.  Paper No. 5 and 6.

White was advised that under 28 U.S.C. §1443(1)[1] a criminal prosecution commenced in a state court may be removed by the defendant to the federal district court in the district where the prosecution is pending, provided that the prosecution is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  Removal of a State criminal prosecution to this court is permitted under limited circumstances.  There must be an allegation, for example, that the state criminal prosecution is prohibited by a

---

[1] 28 U.S.C. 1443(2) is "available only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood, Mississippi v. Peacock*, 384 U.S. 808, 815 (1966).  It is clear from the allegations raised that this provision does not apply to plaintiff.

preemptive, applicable federal law. *See State of Georgia v. Rachel,* 384 U.S. 780, 785 (1966). Absent a preemptive federal law, removal is permitted where the inability to enforce rights is based on a statute or constitutional provision of the prosecuting state. *See Johnson v. Mississippi*, 421 U.S. 213, 222 (1975). "It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *Peacock*, 384 U.S. at 827. Removal is not proper where there is no evidence that the criminal defendant will be unable to avail himself of the normal protections afforded to all criminal defendants. *Id*.

In the pending case, plaintiff made bald allegations against his defense attorney and the State's Attorney for Wicomico County. Paper No. 1. He stated without specificity, that he cannot receive a fair trial in Wicomico County where charges are pending. *Id*. He alleged no discernible basis to support granting the request for removal. Defendant made no allegation that his rights will not be adequately protected through the normal course of the trial or through any appeals or other post-conviction remedies necessary should the trial result in his conviction. *See Peacock*, 384 U.S. at 829. Defendant further failed to allege that the charges against him are somehow prohibited by federal law. Having found that the instant complaint stated no ground for removal under 28 U.S.C. § 1443, it was dismissed and the case remanded to the District Court of Maryland for Wicomico County. Paper No. 6. Upon review, this was error. The case should have been remanded to the Circuit Court for Wicomico County. As such, the December 23, 2009, Memorandum and Order shall be vacated and a new Order entered.

   January 20, 2010            /s/
Date                                J. Frederick Motz
                                       United States District Judge